# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CLAYTON LAMONT VANN                                                    PETITIONER
ADC #108062

V.                            NO. 5:19-CV-00151-SWW-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                                      RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Introduction

On April 25, 2019, Petitioner Clayton Lamont Vann ("Vann") filed a *pro se* § 2254 Petition for Writ of Habeas Corpus. *Doc. 2*. On April 29, 2019, the Court directed service of Vann's Petition on Respondent. *Doc. 4*. On April 30, 2019, Vann filed a Motion to Dismiss, explaining that he meant to file the habeas Petition in state

court but sent it to this Court by mistake. *Doc. 5*. Respondent has been served, but has not yet filed a Response. *See* Respondent's Notice of Appearance, *Doc. 6*. Additionally, Respondent has not filed any objections to Vann's Motion to Dismiss.

## II. Discussion

Under Rule 41(a), a party may voluntarily dismiss an action: (1) without a court order by filing a notice of dismissal before the opposing party serves "either an answer or a motion for summary judgment;" or (2) with a court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a).

Since Respondent has not yet filed a Response, Petitioner arguably is entitled to dismiss his case without a court order. *See Williams v. Clarke*, 82 F.3d 270, 272 (8th Cir. 1996) (concluding that Rule 41(a)(1)(A)(i) applied to habeas proceedings under § 2254).

In any event, if a court order is required, this Court concludes that Petitioner's Motion should be granted and the case dismissed, without prejudice. *See U.S. ex rel. Staples v. Cowan*, 2001 WL 290412 (N.D. Ill. 2001) (Rule 41(a) motion properly granted in habeas case where neither the parties nor the Court had expended much energy or resources.); *see also Doster v. Jones*, 60 F. Supp. 2d 1258, 1260 (M.D. Ala. 1999) (granting dismissal of habeas petitioner's suit when petitioner moved for voluntary dismissal within one month of respondent filing an answer).

## III. Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Clayton Lamont Vann's Motion to Dismiss, *Doc. 5*, be GRANTED, and the Petition for Writ of Habeas Corpus be DISMISSED, without prejudice, pursuant to Fed. R. Civ. P. 41(a).

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.  *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 22nd day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE